UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § | Claim No: 2000A12237/2000A12458 |
| vs. | | |
| Laineka J. Little | | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 188 Richter, River Rouge, Michigan 48218.

### The Debt

#### First Cause of Action - Claim Number: 2000A12237

3. The debt owed the USA is as follows:

| | |
|---|---:|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $1,765.29 |
| B. Current Capitalized Interest Balance and Accrued Interest | $3,049.62 |
| C. Administrative Fee, Costs, Penalties | $33.00 |
| D. Attorneys fees | $0.00 |
| **Total Owed - Claim Number 2000A12237** | **$4,847.91** |

<u>Second Cause of Action - Claim Number: 2000A12458</u>

4. The debt owed the USA is as follows:

| | |
|---|---:|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $1,409.63 |
| B. Current Capitalized Interest Balance and Accrued Interest | $2,312.91 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| D. Attorneys fees | $0.00 |
| **Total Owed - Claim Number 2000A12458** | **$3,722.54** |
| **TOTAL OWED (Claim Numbers 2000A12237 and 2000A12458)** | **$8,570.45** |

The Certificate of Indebtedness, attached as Exhibit "A" and "B", show the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the respective Certificates of Indebtedness, are correct as of the date of the Certificates of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 8.000% per annum or $0.39 per day on Claim Number 2000A12237 and 8.000% per annum or $0.31 per day on Claim Number 2000A12458.

### Failure to Pay

5. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 and 4 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,


By: s/Charles J. Holzman (P35625)
    Holzman Corkery, PLLC
    Attorneys for Plaintiff
    Tamara Pearson (P56265)
    28366 Franklin Road
    Southfield, Michigan 48034
    (248) 352-4340
    usa@holzmanlaw.com

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Laineka J. Little
19472 Woodingham Dr
Detroit, MI 48221-1655

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 08-26-99.

On or about 09-12-88, the borrower executed promissory note(s) to secure loan(s) of $1,650.00, from Farmer & Merchants at 8.00 percent interest per annum. This loan obligation was guaranteed by United Student Aid Funds, Inc. and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 10-03-90, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $1,765.29 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 11-09-92, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal | $ 1,765.29 |
| Interest: | $ 1,221.34 |
| Administrative/Collection Costs: | $ 33.00 |
| Late Fees: | $ 0.00 |
| Total debt as of 08-26-99: | $ 3,019.63 |

Interest accrues on the principal shown here at the rate of $.39 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: _____        Name: _____
                                    Title:  LOAN ANALYST
                                    Branch: LITIGATION BRANCH

April 1998                                                B3-2/ED-LITGN/COIFSL.DOC

**HIGHER EDUCATION ASSISTANCE FOUNDATION**
P.O. BOX 64107 • ST. PAUL, MN 55164

*After lender completes application, mail HEAF copy only to this address.*

**LENDER COPY**

**GUARANTEED STUDENT LOAN (GSL) APPLICATION/PROMISSORY NOTE**

**DOUBLE SIDED**

## SECTION A - TO BE COMPLETED BY BORROWER (PRINT IN INK—PRESS FIRMLY—OR TYPE)

- 1. NAME (NO NICKNAMES): **Little**, First: **Laineka** (Doubt)
- 2. SOCIAL SECURITY NUMBER: [illegible]
- 3. WHEN WERE YOU BORN?: MO / DAY / YR
- 4. PERMANENT ADDRESS: **10655 W. Outer Dr.**
- CITY: **Detroit** STATE: **MI** ZIP: **48223**
- PERMANENT HOME PHONE: **(313) 838-6151**
- 5. U.S. CITIZENSHIP STATUS: ☒ U.S. CITIZEN OR NATIONAL
- 6. ALIEN ID NUMBER: —
- 7. PERMANENT RESIDENT OF WHICH STATE: **MI**
- 8a. DRIVER LICENSE NUMBER: **N/A**
- 8b. STATE: —
- 9. ADDRESS WHILE IN SCHOOL: **Same as Above**
- 10. PHONE AT SCHOOL ADDRESS: **(800) 243-9917**
- 11. MAJOR COURSE OF STUDY: **Travel Agent** (16)
- 12. LOAN AMOUNT REQUESTED: **$1650.00**
- 13. LOAN PERIOD FROM: **7/88** TO: **1/89**

### PRIOR LOAN INFORMATION
- 14. HAVE YOU EVER DEFAULTED ON A GSL, SLS (ALAS), PLUS, CONSOLIDATED, OR INCOME CONTINGENT LOAN? ☒ NO
- 15a. DO YOU HAVE ANY PRIOR UNPAID GSL LOANS? ☒ NO (GO TO 20a)
- 15b. IF YES, TOTAL UNPAID BALANCE OF GSL LOANS: —
- 20a. DO YOU HAVE ANY PRIOR UNPAID SLS (ALAS) OR PLUS LOANS? ☒ NO (GO TO 21a)
- 21a. DO YOU HAVE ANY UNPAID PLUS LOANS IF YOU BORROWED AS A PARENT UNDER THE PLUS LOAN PROGRAM? ☒ NO (GO TO 22a)

### REFERENCES
- 22a. NAME: **Earnest Little**, STREET: **3258 Webb**, CITY: **Detroit, MI 48206**
- 22b. NAME: **Janetta Griffin**, STREET: **14781 St. Mary**, CITY: **Detroit, MI 48227**
- 22c. NAME: **John Bowler**, STREET: **3901 Grand River**, CITY: **Detroit, MI 48206**

NOTICE: ...PROMISE TO PAY...

- 23a. SIGNATURE OF BORROWER: **X Laineka Little**
- 23b. DATE BORROWER SIGNED: **09/12/88**

## SECTION B - TO BE COMPLETED BY SCHOOL
- 24. NAME OF SCHOOL: **County Schools Inc**
- 25. ADDRESS: **3757 Main St, Bridgeport CT 06606**
- 26. PHONE: **(203) 373-6800**
- 27. SCHOOL CODE: **020528**
- 30. PERIOD LOAN WILL COVER: FROM **7/26/88** TO **1/20/89**
- 31. STUDENT'S GRADE LEVEL: CORRESP ☒
- 32. ANTICIPATED GRADUATION DATE: **1/20/89**
- 33. STUDENT STATUS: ☒ INDEPENDENT
- 34. ADJUSTED GROSS INCOME (AGI): $ —
- 35. COST OF ATTENDANCE FOR LOAN PERIOD: **$1650**
- 36. ESTIMATED FINANCIAL AID FOR LOAN PERIOD: 0
- 37. EXPECTED FAMILY CONTRIBUTION (EFC): 0
- 38. DIFFERENCE: **1650**
- 41. WILL THE STUDENT ATTEND A FOREIGN SCHOOL? ☒ NO
- 43a. SIGNATURE OF SCHOOL OFFICIAL: **X Kristine A Swanson**
- 43b. DATE: **9/23/88**
- 43c. PRINT NAME AND TITLE: **K.A. Swanson FA**

## SECTION C - TO BE COMPLETED BY LENDER
- 44. NAME OF LENDER: **Farmers & Merchants**
- 45. ADDRESS: **240 W. 4th, Colby, KS 67701**
- 46. LENDER CODE: **804483**
- 50. LOAN DISBURSEMENTS: MO **10** DAY **06** YR **88** AMOUNT **1650**
- 55a. SIGNATURE OF LENDING OFFICIAL: **X Stacy Parriott**
- PRINT NAME AND TITLE: **Stacy Parriott - STL Clerk**
- 51. TOTAL LOAN AMOUNT APPROVED: **$1650.00**
- 55b. DATE SIGNED: **9/29/88**
- 52. IS THIS AN UNSUBSIDIZED LOAN? ☒ NO

## SECTION D - TO BE COMPLETED BY HEAF

F40-GS  LITTLE, LAINEKA, J
CLAIM NO 1955050013075  11-09-92

## GSL PROMISSORY NOTE

### A. PROMISE TO PAY

The Interest, Guarantee Fee, and Origination Fee rates and terms (mentioned in the Promise to Pay on the front of this application/promissory note) are:

1. Interest on the unpaid principal balance. The applicable interest rate on this loan will be figured in the following manner: If I have an unpaid principal balance on a Guaranteed Student Loan having an applicable interest rate of 6%, the applicable interest rate on this loan will be 7%. If I have an unpaid principal balance on a Guaranteed Student Loan having an applicable interest rate of 7%, 8%, or 9%, the applicable interest rate on this loan will be the same as that of my other loan(s). If I have no outstanding Guaranteed Student Loans, my applicable interest rate on this loan will be 8%. I understand that if I am eligible for federal interest benefits, the interest will be paid by the Secretary of Education (Secretary) (a) during the period I am in school on at least a half-time basis, (b) during the grace period described under Repayment in this Note, and (c) during the time my loan payments are deferred as allowed by and described under Deferment in this Note. If I am a "new borrower" (as defined below) with a period of enrollment beginning on or after July 1, 1988, my applicable interest rate on this loan will be 8% through the fourth year of repayment. Beginning on [illegible] of the fifth year of repayment, my applicable interest rate on the loan will be 10%. A "new borrower" is one who has no outstanding balance on a GSL, PLUS, ALAS, SLS or Consolidation Loan on the date he or she signs the promissory note [illegible] enrollment beginning on or after July 1, 1988.

2. The Guarantee Fee

HEAF may charge a fee to guarantee my loan. The a[mount] law, applicable regulations and HEAF policy and Rul[es] Fee will be deducted proportionately from each disbur[sement] after July 1, 1987. I understand that this charge is not s[...] attributable to any disbursement I do not receive, whic[h...] applied to my loan balance or be returned to me. My lo[an...] actual guarantee fee charged.

3. The Origination Fee will be deducted from the procee[ds...] by federal law and will be reflected on my disclosure [statement.] Refunded, pro rata, on undisbursed amounts, if the lo[an is...] disbursement, if the loan check is not cashed within [...] check is returned to the lender uncashed.

### B. DISCLOSURE OF LOAN INFORMATI[ON]

I understand that before I receive my first loan check, [a di]sclosure statement that identifies all the terms of my loan.

### C. GENERAL

I understand that the lender has applied for guarant[ee from] Higher Education Assistance Foundation (HEAF) and [the loan] and the terms of this Promissory Note will be interpre[ted under] of the Higher Education Act of 1965, as amended, ("[Act")] under the Act, and the Rules and Regulations of HEA[F. By] law, this Note shall be governed by the laws of the juri[sdiction...]

### D. REPAYMENT

I will repay this loan in periodic installments during a re[payment period no longer] than the end of my grace period.

However, during the grace period I may request that [...] grace period begins when I cease to carry at least o[ne-half the normal workload] at a school that is participating in the Guaranteed St[udent Loan Program.]
1) The Secretary will pay the interest that accrues on [this loan while I am in school] and during any deferment period, if it is determined [that I am eligible for interest benefits] made on my behalf under the regulations governing [this loan. If the interest on] this loan is payable by the Secretary, the lender may [not attempt to collect it from] me. I may, however, choose to pay this interest myse[lf.]
2) Once the repayment period begins I will be respon[sible for paying any interest that] accrues on this loan, except that if the interest accr[ues during any] period was payable by the Secretary, the Secretary [will pay the interest during] any period described under Deferment in this Note.
3) The lender may add any interest to the unpaid p[rincipal if it is not] paid when it is due, in accordance with the Rules a[nd Regulations of the] GSLP.
4) I will repay this loan over a repayment period tha[t is no less than 5 and no] more than 10 years. However, the following excepti[ons apply:]
a. If, during the grace period, I request a shorter rep[ayment period, I may have] a shorter period.
b. The lender may require a repayment period sho[rter than 5 years to] ensure that during each year of the repayment per[iod, I pay at least] GSL, PLUS or SLS program loans outstanding, w[ith an unpaid principal of at] least $600 of the unpaid principal of all such loans [...]
c. If I qualify for postponement of my payments during any period described under Defer[ment in this Note, or if the lender grants "forbearance", as allowed by the Act, those periods will not be included in the 5- and 10-year periods mentioned above.]
5) If, during the grace period, I request a shorter repayment period, the lender may grant me a period shorter than 5 years. In that event, I may later choose to have the repayment period extended to 5 years.
6) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines set forth in Paragraph 4 of this Section, without my further approval; however, the lender must inform me of these terms in writing at the latest address that I have provided to the lender.
7) The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document that the lender will provide to me before the repayment period begins.
8) My obligation to repay this loan shall be cancelled if I become totally and permanently disabled or die.

### E. PREPAYMENT

At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment, I will be entitled to a refund of any unearned interest that I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

### F. DEFERMENT

[I u]nderstand that in certain instances authorized by the Act the payments I am required to [m]ake, as described under Repayment in this Note, may be deferred. The instances currently [au]thorized by the Act are described under Deferment in the HEAF application information [b]ooklet. To obtain such deferment, I agree to comply with the relevant federal regulations [a]nd the Rules and Regulations of the HEAF, including, without limitation, submission of re[quired] forms to the lender.

### G. FORBEARANCE

If I am unable to repay this l[oan i]n accordance with the terms established under Repayment in this Note, I may request the lender to modify these terms. I understand that such modification would be at the lender's option and would have to be in compliance with the Act, federal regulations adopted under the Act and the Rules and Regulations of HEAF. I understand that a modification of repayment terms under this Section is different from Deferment (as described in this Note) and that during this period I will remain responsible for payment of interest, which the lender may (a) collect from me on a periodic basis or (b) add to the principal balance of this loan.

### H. DEFAULT

1. Definition—I understand that under the Act, and HEAF Rules and Regulations, any of the following events is a default:
a. failing to make any installment payment when due, provided that this failure persists for 180 days for a loan repayable in monthly installments or 240 days for a loan repayable in less frequent installments;

[stamp overlay:]
**I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE**
NAME: B. Mann   DATE: 5-26-99

AFFIX TO BACK OF PROMISSORY NOTE

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.

2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.

3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

SIGNATURE: X Barbara J. Recker
TITLE: Loans processor
DATE: 11/5/90

F0025 10-87

[right column, partially cut off:]
...n, for the purpose of obtaining this loan;
...using the loan proceeds for other than educational purposes;
...completed the application for the time identified as my loan period;
...(a) drop to less than a half-time student, (b) change [p]ermanent address.

...n, including interest, immedi[ately]...

...hools I have attended (or am [enrolled in]...

[fo]llowing federal programs: Pell [Grant, Colle]ge Work-Study, State Student [Incentive Grant, Perkins (Dire]ct Student Loan), Guaranteed [Student Loans], PLUS loans, or Consolidation [Loans]

[...repaym]ent and Deferment in this Note; [attorn]ey's fees, that are permitted by [stat]utes. If this loan is referred for [col]lection Practices Act, I will pay [prin]cipal and accrued interest. De[ferment is t]he option of the lender, which i[f I meet the]ir requirements of law. Failure to [exercise the len]der's right to exercise the option

[re]quired to pay HEAF all amounts

[ch]arge if I fail to pay all or part of a [payment] or if I fail to provide written evi[dence as require]d as described under Deferment [a late] dollar of each late installment.

[...information about my late p]ayment will be reported to one or [more consumer reporting agencies], the lender, holder or guaranty [organiz]ations. This may significantly and [adversely affect my ability to obtain additional credit. The le]nder, holder or guaranty agency [must provide informa]tion about the default will be dis[closed...re]payment on the loan within the 30 [days following the req]uest from any credit bureau orga[nization. I may dispute the org]anization about the accuracy and

United States of America that the [information contained in my application is true, to the be]st of my knowledge and belief [and I auth]orize the lender to make my loan [...I] authorize the school to pay to the [lender the am]ount of this loan. I further authorize [the school t]o release to the lending institution [any info]rmation pertinent to this loan (e.g., [name and] address). I also authorize the lender, [subsequent holder]s, or HEAF to make inquiries to or [from subseq]uent lenders or holders, with respect [to my loan application and related documents...] horize the lender, subsequent holder, their agent or HEAF to release information and make inquiries to the persons I have listed in my loan application as references, for the purpose of learning my current address and telephone number. I certify that the proceeds of this loan will be used for educational purposes for the academic period stated on my loan application at the educational institution named on the application. I understand I am responsible for repaying any funds I receive that cannot reasonably be attributed to meeting my educational expenses related to attendance at that institution for the loan period stated. I certify that I am a borrower eligible for participation in the GSL program and that I do not owe a refund to any Title IV aid program. I certify that if I am eligible to apply for a Pell Grant, that I have done so or that I have requested my institution to estimate my eligibility for a Pell Grant. I further certify I have read the materials explaining the federal guaranteed student loan program which have been provided to me and that I understand my responsibilities and my rights under that program.

### SCHOOL CERTIFICATION

I hereby certify that the student named in Section A of this application is accepted for enrollment or is enrolled as at least a half-time student, and is making satisfactory progress in a program determined to be eligible for this loan program. I further certify that the student has been determined by this institution, under the regulations applicable to this loan program, to be eligible for the loan applied for. I further certify that based upon records available at this institution and due inquiry to the student, the student has satisfied the requirements under the Selective Service Act necessary to receive financial aid, is not in default on any loan made under any Title IV student assistance program identified in 34 CFR Part 668, and is not liable for any refund of any grant made under any student assistance program identified in 34 CFR Part 668. I further certify that this institution will comply with all applicable provisions of federal law and the rules, regulations, policies, and procedures of HEAF in the administration of this loan. The information provided in Sections A and B and this School Certification is true...

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Laineka J. Little
19472 Woodingham Dr
Detroit, MI 48221-1655

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 08-26-99.

On or about 07-14-90, the borrower executed promissory note(s) to secure loan(s) of $2,625.00, from Citibank (New York State) at 8.00 percent interest per annum. This loan obligation was guaranteed by Northstar Guarantee, Inc. and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 04-01-91, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $1,409.63 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 08-08-93, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal | $ 1,409.63 |
| Interest: | $ 852.95 |
| Administrative/Collection Costs: | $ 0.00 |
| Late Fees: | $ 0.00 |
| Total debt as of 08-26-99: | $ 2,262.58 |

Interest accrues on the principal shown here at the rate of $.31 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: _____          Name: _____
                                   Title: LOAN ANALYST
                                   Branch: LITIGATION BRANCH

April 1998                                                      B3-2/ED-LITGN/COIFSL.DOC

# HIGHER EDUCATION ASSISTANCE FOUNDATION
P.O. BOX 64102 • ST. PAUL, MN 55164-0102

**GUARANTEED STUDENT LOAN (GSL) APPLICATION/PROMISSORY NOTE**

9 0 2 0 6 4 4 1 5 8 1

## SECTION A – TO BE COMPLETED BY BORROWER (PRINT IN INK–PRESS FIRMLY–OR TYPE)

1. **NAME (NO NICKNAMES)**
   - LAST: Little
   - FIRST: Laineka
   - M.I.: J
2. SOCIAL SECURITY NUMBER: [redacted]
3. WHEN WERE YOU BORN?
4. **PERMANENT ADDRESS**: 13249 Terry
   - CITY: Detroit
   - STATE: Michigan
   - ZIP: 48227
5. PERMANENT HOME PHONE: (313) 273-3797
6. U.S. CITIZENSHIP STATUS: 1 ☒ U.S. CITIZEN OR NATIONAL
7. PERMANENT RESIDENT OF WHICH STATE: MI
8a. DRIVER LICENSE NUMBER: NONE
9a. ADDRESS OF BORROWER WHILE IN SCHOOL: Same as above
9b. DO YOU WISH TO DEFER REPAYMENT ON ANY GSL LOAN YOU MAY HAVE OUTSTANDING? ☒ NO
12. LOAN AMOUNT REQUESTED: $2,625.00
13. LOAN PERIOD: FROM 9/90 TO 2/91

### PRIOR LOAN INFORMATION
14. HAVE YOU EVER DEFAULTED ON A GSL...: NO
15a. DO YOU HAVE ANY PRIOR UNPAID GSL LOANS? ☒ NO

### REFERENCES
- 20a. NAME: Earnest Little; STREET: 3258 Webb; CITY, STATE, ZIP: Det, Mi. 48206
- 20b. NAME: Ms. Houston; STREET: 16615 Blackstone; CITY, STATE, ZIP: Det, Mich. 48209
- 20c. NAME: Debra Smith; STREET: 13249 Robson; CITY, STATE, ZIP: Det M., 48227

21a. SIGNATURE OF BORROWER: Laineka Little
21b. DATE BORROWER SIGNED: 7/24/90

## SECTION B – TO BE COMPLETED BY SCHOOL

22. NAME OF SCHOOL: National Education Center
24. PHONE: (313) 834-1400
25. SCHOOL CODE: 011510
23. ADDRESS: 4244 Oakman Blvd. Detroit, MI 48224
26. SCHOOL BRANCH: 001
27. ENROLLMENT STATUS: ☒ FULL TIME
28. PERIOD LOAN WILL COVER: FROM 9/7/90 TO 2/17/91
29. CORRESP: 0
UNDERGRAD: ☒ 1
30. ANTICIPATED GRADUATION DATE: 2/17/91
31. STUDENT STATUS: ☒ INDEPENDENT
32. ADJUSTED GROSS INCOME (AGI): $0
33. COST OF ATTENDANCE FOR LOAN PERIOD: $8281
34. ESTIMATED FINANCIAL AID FOR LOAN PERIOD: $2044
35. EXPECTED FAMILY CONTRIBUTION (EFC): $119
36. DIFFERENCE: $6118

37. SUGGESTED DISBURSEMENT DATES
- 1ST DISB: 9/30/90
- 2ND DISB: 10/24/90

38. DO SUGGESTED DISBURSEMENT DATES CORRESPOND TO SCHOOL TERMS? YES ☒
39. WILL THE STUDENT ATTEND A FOREIGN SCHOOL? NO ☒

41a. SIGNATURE OF SCHOOL OFFICIAL: Sherry L. Holt F/A mgr
41b. DATE: 9/17/90

## SECTION C – TO BE COMPLETED BY LENDER

42. NAME OF LENDER: CITIBANK (NEW YORK STATE) c/o HEAF PROCESSING CENTER
TELEPHONE: 1-800-828-6103
44. LENDER CODE: 826878
43. ADDRESS: P.O. BOX 64102, ST. PAUL, MN 55164
SLB MAILROOM 2

JUL 25 1990

## SECTION D – TO BE COMPLETED BY HEAF

55. PROMISSORY NOTE STATUS: **ACCEPT**

LITTLE, LAINEKA, J   08-08-93
CLAIM NC 1993096488958

LENDER COPY

1067304

## GSL PROMISSORY NOTE

### A. PROMISE TO PAY

ACCEPT

The Interest, Guarantee Fee, and Origination Fee rates and terms (mentioned in the Promise to Pay on the front of this application/promissory note) are:

INTEREST

1) I agree to pay an amount equivalent to simple interest (as specified in (4) on the unpaid principal balance from the date of disbursement until the entire principal sum and accrued interest are paid in full.

2) However, the U.S. Secretary of Education ("Secretary") will pay the interest that accrues on this loan prior to repayment status and during any deferment, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the Guaranteed Student Loan Program ("GSLP"). In the event that the interest on this loan is payable by the Secretary, neither the lender nor other holder of this Note may attempt to collect this interest from me. I may, however, choose to pay this interest myself.

3) Once the repayment status begins I will be responsible for payment of all interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay th under DEFERMENT in this Promissory Note.

4) The interest rate will be determined accordin
a. If I have an outstanding Guaranteed Studer applicable interest rate will be the same as the
b. If I am borrowing for a period of enrollment outstanding GSL(s), the applicable interest rate
c. If I am borrowing for a period of enrollment w outstanding GSL(s) but I do have an outstanding Supplemental Loans for Students ("SLS") mad or on any Consolidation loan(s) which repaid lo that date, the applicable interest rate on this loa
d. If I am borrowing for a period of enrollment w outstanding balance on any GSL, PLUS, or SL that date or on any Consolidation loan(s) which ning before that date, the applicable interest ra year of my repayment status and will be 10% be

5) The applicable interest rate
a. until the end of the fourth year of my repayme
b. beginning with the fifth year of my repayment

6) I may also receive rebates of interest, if require when the applicable interest rate is 10%.

7)The lender or other holder of this note may balance (capitalization) of this loan in accordar the Higher Education Assistance Foundation (H

I understand that if I am eligible for federal intere (a) during the period I am in school on at least a in Section D below, and (c) during the time any F below.

GUARANTEE FEE

8) HEAF may charge a fee to guarantee my lo applicable regulations and HEAF policy and F deducted proportionately from each disburser refund except for the amount attributable to any the lender's option, be applied to my loan balar ment will show the actual guarantee fee charge

ORIGINATION FEE

9) The Origination Fee will be deducted from t federal law and will be reflected on my disclosu rata, on undisbursed amounts, if the loan is repa check is not cashed within 120 days of disburseme

### B. DISCLOSURE OF LOAN INFO

I understand that before I receive my first loar statement that identifies all the terms of my loar

### C. GENERAL

I understand that the lender has applied for gu because of this, the loan is subject to, and the accordance with, Title IV, Part B of the Higher federal regulations adopted under the Act, and not governed by federal law, this Note shall be lender is located.

### D. REPAYMENT

I will repay this loan in periodic installments during a repayment period that will begin no later than the end of my grace period.

However, during the grace period I may request that the repayment period begin earlier. The grace period begins when I cease to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP).

1) I will repay this loan over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:
a. If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years.
b. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I—or, if both my spouse and I have GSL, PLUS or SLS program loans outstanding, we—pay toward principal and interest at least $600 of the unpaid principal of all such loans (plus interest).
c. If I qualify for postponement of my payments during any period described under Deferment in this Note, or if the lender grants "forbearance", as allowed by the Act, those periods will not be included in the 5- and 10-year periods mentioned above.

2) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines set forth in Paragraph 1 of this Section, without my further approval; however, the lender must inform me of these terms in writing at the latest address that I have provided to the lender.

3) The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document that the lender will provide to me before the repayment period begins.

4) My obligation to repay this loan shall be cancelled if I become totally and permanently disabled or die.

### E. PREPAYMENT

At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment, I will be entitled to a refund of any unearned interest that I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

### F. DEFERMENT

I understand that in certain instances authorized by the Act the payments I am required to make, as described under Repayment in this Note, may be deferred. The instances currently authorized by the Act are described under Deferment in the HEAF application information booklet. To obtain such deferment, I agree to comply with the relevant federal regulations and the Rules and Regulations of the HEAF, including, without limitation, submission of required forms to the lender.

### G. FORBEARANCE

If I am unable to repay this loan in accordance with the terms established under Repayment in this Note, I may request the lender to modify these terms. I understand that such modification would be at the lender's option and would have to be in compliance with the Act, federal regulations adopted under the Act and the Rules and Regulations of HEAF. I understand that a modification of repayment terms under this Section is different from Deferment (as described in this Note) and that during this period I will remain responsible for payment of interest, which the lender may (a) collect from me on a periodic basis or (b) add to the principal balance of this loan.

### H. DEFAULT

l HEAF Rules and Regulations, any of the follow-

ue, provided that this failure persists for 180 days 240 days for a loan repayable in less frequent

of obtaining this loan;
nal purposes;
e application for the time identified as my loan

to less than a half-time student, (b) change my e my permanent address.

an:
nt of the loan, including interest, immediately due

close to schools I have attended (or am currently

Title IV programs and any of the following federal Opportunity Grant, College Work-Study, State alled National Direct Student Loan), Guaranteed ents (SLS), PLUS loans, or Consolidation Loans; er Repayment and Deferment in this Note; ling attorney's fees, that are permitted by federal ounts. If this loan is referred for collection to an Practices Act, I will pay collection costs not to rued interest. Declaring these amounts immedi-, which it may do only after complying with appli-re to exercise this option does not constitute a t a later date;
en be required to pay HEAF all amounts owed.

a late charge if I fail to pay all or part of a required or if I fail to provide written evidence that verifies ribed under Deferment in this Note. A late charge e installment.

N

d its repayment will be reported to one or more , *the lender, holder or guaranty agency will also This may significantly and adversely affect my* guaranty agency must notify me at least 30 days e disclosed to credit bureau organizations unless ys. The lender must provide a timely response to garding objections I might raise with that organi-formation reported about me.

of the United States of America that the following information contained in my application for this knowledge and belief and is made in good faith. e my loan check(s) jointly payable to me and my e lender any refund which may be due me up to cational institution that I may attend or HEAF to der, or their agents, any requested information status, prior loan history, current address). I also nt, the educational institution, or HEAF to make s, or prior or subsequent lenders or holders, with ts. I also authorize the lender, subsequent holder, make inquiries to the persons I have listed in my loan application as references, for the purpose of learning my current address and telephone number. I certify that the proceeds of this loan will be used for educational purposes for the academic period stated on my loan application at the educational institution named on the application. I understand I am responsible for repaying any funds I receive that cannot reasonably be attributed to meeting my educational expenses related to attendance at that institution for the loan period stated. I certify that I am a borrower eligible for participation in the GSL program and that I do not owe a refund to any Title IV aid program. I certify that if I am eligible to apply for a Pell Grant, that I have done so or that I have requested my institution to estimate my eligibility for a Pell Grant. I further certify I have read the materials explaining the federal guaranteed student loan program which have been provided to me and that I understand my responsibilities and my rights under that program.

### SCHOOL CERTIFICATION

I hereby certify that the student named in Section A of this application is accepted for enrollment or is enrolled as at least a half-time student, and is making satisfactory progress in a program determined to be eligible for this loan program. I further certify that the student has been determined by this institution, under the regulations applicable to this loan program, to be eligible for the loan applied for. I further certify that based upon records available at this institution and due inquiry of the student, the student has satisfied the requirements under the Selective Service Act necessary to receive financial aid, is not in default on any loan made under any Title IV student assistance program identified in 34 CFR Part 668, and is not liable for any refund of any grant made under any student assistance program identified in 34 CFR Part 668. I further certify that this institution will comply with all applicable provisions of federal law and the rules, regulations, policies, and procedures of HEAF in the administration of the loan program identified in Sections A and B and this School Certification is true, complete, and correct to the best of my knowledge and belief.

---

AFFIX TO BACK OF PROMISSORY NOTE

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.
2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.
3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

| SIGNATURE | |
|---|---|
| X [signature] | 11/13/91 |
| TITLE Assistant Vice President<br>Citibank Student Loan Business | DATE |

F0025 10-87

---

CERTIFIED UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

B. Mason 8-26-99

NAME DATE

GSL-A304/A305/A307 2-88

3 0 5 3 8 4 4 1 2 3 1